**In re the WELFARE OF Loryna Faye HALL, Malcolm La Mont Hall, Maurice Lorne Hall.**

**RAMSEY COUNTY WELFARE DEPARTMENT, Respondent,**

and

**Marie Lorraine Hall, petitioner, Respondent,**

v.

**Alvin HALL, Appellant.**

**Nos. 48401, 48536.**

Supreme Court of Minnesota.

June 20, 1978.

William Messinger and John W. Elwell, Minneapolis, for appellant.

Paul Seltz, St. Paul, for children.

Bruce D. Peck, Donna Trethewey, St. Paul, for Marie Hall.

William Randall, County. Atty., John C. McNulty, Asst. County Atty., St. Paul, for Welfare Dept.

## ORDER

ROGOSHESKE, Justice.

Upon this consolidated appeal seeking review of two orders of divisions of the Ramsey County District Court—the November 10, 1977, order of the juvenile court division and the December 22, 1977, order of the family court division—, it has ■■■ made to appear:

[1] 1. That the neglect proceedings before the juvenile court resulting in the November 10, 1977, order of protective supervision of the children by the Welfare Department in the home of respondent has now been dismissed by order of the juvenile court dated May 11, 1978.

2. That said order of dismissal was contemplated by the terms of the November 10, 1977, order and authorized by Minn.St. 260.191, thereby rendering appellate review of the November 10, 1977, order advisory only.

3. That the December 22, 1977, order of the family court dismissing proceedings instituted by appellant to modify the provisions of the divorce decree by changing permanent custody of the children from respondent to appellant is by its terms a dismissal with leave to reinstate upon termination of the neglect proceedings in juvenile court.

4. That the December 22, 1977, order of the family court was erroneous in that the court possessed jurisdiction to determine the issue of change of permanent custody subject only to the final disposition of the neglect proceedings. The order of dismissal of the neglect proceedings removes any arguable impediment to the reinstatement of the proceedings for change of permanent custody in the family court.

IT IS THEREFORE ORDERED that the December 22, 1977, order of the family court be reversed and the proceedings for change of custody be reinstated and remanded for determination on the merits; and that the appeal herein be dismissed without costs and disbursements to either party.

## MEMORANDUM

While the "jurisdictional" issues raised by this appeal may be novel, we deem it unnecessary and inadvisable to delay this matter further by a full exposition of our views in an opinion that would be essentially advisory. It is sufficient to ■■■ our conclusions.

[2] The juvenile court properly limited its jurisdiction to correct parental neglect following its adjudication of neglect of the children on April 19, 1977. In compliance with Minn.St. 260.191, by subsequent orders the juvenile court properly retained jurisdiction, continuing the matter until November 10, 1977, when temporary legal custody in the Welfare Department was terminated and the children were returned to the custody of respondent in accordance with the custodial provisions of the divorce decree but under the protective supervision of the Welfare Department. The juvenile court was correct in its refusal to litigate the issue of the custodial dispute between the parents on the ground of lack of authority, its authority being limited to the alternatives expressly provided by Minn.St. 260.-191, subd. 1.

The error occurred when the family court was persuaded to refuse to hear the merits of appellant's petition for a change in permanent custody on jurisdictional grounds. While it would have been desirable had the juvenile court stayed its execution of its November 10, 1977, order pending a determination of the merits of the parents' custodial dispute pursuant to the continuing original jurisdiction of the family court to modify custodial provisions of a divorce decree, no formal request for such stay was made and appellant's claims of procedural errors by the juvenile court at the hearing resulting in the November 10, 1977, order cannot be raised for the first time ■■ appeal.

[3] Although we are mindful of the prejudice resulting from the delay in the family court's refusal to hear the merits of the parents' custodial dispute at a time when the investigation and reports of the

fitness of the parents and the interests of the children were current, it is clear that both constitutional and statutory provisions cannot preclude the family court from exercising its original jurisdiction to modify divorce decrees. Minn.Const. art. 6, §§ 1, 3; Minn.St. 518.17, 518.18. The fact that the juvenile court retained jurisdiction to review the status of neglected children is not inconsistent with the family court's exercising original and continuing jurisdiction to hear and determine the merits of a petition to modify the custodial provisions of a divorce decree.